UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

James Patrick Landini,

    Petitioner,

vs.   Case No. 5:10-cv-197-Oc-99SPC

Walter McNeil,

    Respondent.
_____

## **OPINION AND ORDER**

### I. Status

James Patrick Landini (hereinafter "Petitioner" or "Landini") initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254. Landini challenges his 2007 conviction, after a jury trial, for driving without a valid driving license causing the deaths of Dorothy and Kenneth Nash. Petitioner's sentence and conviction were *per curiam* affirmed on direct appeal on July 15, 2008. Landini v. State, 986 So. 2d 618 (Fla. 5th DCA 2008). The Petition identifies two grounds for relief.

Respondent filed a Response to the Petition (Doc. #6, Response), and attached exhibits in support (Exhs. A-DD). Respondent acknowledges that the Petition is timely filed pursuant to 28 U.S.C. § 2244(d), and concedes that both grounds raised in the Petition are exhausted. Response at 13-14. Nonetheless, Respondent contends that the Petition must be denied because Petitioner fails to satisfy the requirements of § 2254(d) and (e).

Response at 17-35. Petitioner filed a Reply to the Response (Doc. #10, Reply). This matter is ripe for review.

## II. Applicable § 2254 Law

### Deferential Review Required By AEDPA

Petitioner filed his timely Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007). Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011)

(pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 130 S.Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the

correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). More specifically, Petitioner must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 770, 786-87 (2011). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order. Id.

**Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is

reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. ___, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S.Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case,

could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### Ground One

In his first ground for relief, Petitioner contends that trial counsel was ineffective for failing to argue legislative intent and file a pre-trial motion to dismiss. Petition at 5. More specifically, Petitioner contends that he should not have been charged with violating Fla. Stat. 322.24(6) because he was not charged or cited on the night of the incident and had obtained a valid driver's license before he was arrested on the underlying

charge. <u>Id.</u> Petitioner raised this claim as ground two in his Rule 3.850 motion. Exh. O at 4. Petitioner was afforded an evidentiary hearing on his claim at which he was represented by counsel. Exh. T. The post-conviction court denied petitioner relief on his claim. Exh. V at 189-171. In denying relief, the postconviction court identified <u>Strickland</u> as the appropriate standard of review for Petitioner's ineffective assistance of counsel claim, <u>id.</u> at 166-86, and held as follows:

> In this claim the defendant argues that although he did not have a valid driver's license on the date of the crash causing death occurred, he did have one at the time of his subsequent arrest; therefore, his case should have been dismissed pursuant to Fla. Stat. § 322.03(1)&(6), which provides:
>
>> (1) Except as otherwise authorized in this chapter, a person may not drive any motor vehicle upon a highway in this state unless such person has a valid driver's license under the provisions of this chapter;
>>
>> 6) A person who is charged with a violation of <u>this section</u>, other than a violation of paragraph (a) of subsection (1), may not be convicted if, prior to or at the time of his or her court or hearing appearance, the person produces in court or to the clerk of the court in which the charge is pending a driver's license issued to him or her and <u>valid at the time of his or her arrest</u>. (Emphasis added). The clerk of the court is authorized to dismiss such case at any time prior to the defendant's appearance in court.
>
> The crash causing the death[s] with which the defendant was charged in this case occurred on December 27, 2005. The defendant was issued a traffic citation on June 27, 2006, and was actually arrested at his home in Georgia on August 22, 2006. At the time of his arrest, he was in possession of a Georgia driver's license issued to him on March 1, 2006. Therefore, the defendant argues that

-8-

because he was in possession of a valid driver's license at the time of his arrest his case should have been dismissed.

However, the law cited by the defendant applies only to a violation of that particular provision, and the defendant was not charged under that statute. The defendant was charged for violating Fla. Stat. s. 322.34(6), which provides:

Any person who operates a motor vehicle:

> (a) Without having a driver's license as required under § 322.03 and who by careless or negligent operation of the motor vehicle causes the death of or serious bodily injury to another human being is guilty of a felony of the third degree....

Defendant's trial counsel testified at the evidentiary hearing that he believed the defendant's position on this statutory construction to be incorrect and that a motion to dismiss had no merit whatsoever. He informed the defendant he was "mixing apples and oranges." (Evidentiary Hearing Transcript, page 23). Defendant's trial counsel explained to the defendant several times that section 322.03 was intended to assist those persons who actually had a valid driver's license on a day they were stopped and cited for the misdemeanor offense of driving while not having it on their actual possession, and that this statute allowed the person to take their valid license to the clerk of the court and demonstrate that they in fact had one at the time of their stop and seek dismissal of the case against them. He explained to the defendant that this statutory provision did not apply to his case. (Evidentiary Hearing Transcript, pages 22, 23).

Failure to raise meritless claims does not constitute ineffective assistance of counsel. Franqui v. State, 965 So. 2d 22 (Fla. 2007). Counsel cannot be ineffective for failing to file a motion which would have been properly denied. Branch v. State, 952 So. 2d 970 (Fla. 2006). The defendant seeks to avoid the penalty for violating section 322.34(6) by bootstrapping the provision of a non-applicable statute to his circumstances. This court is not prepared to make that quantum leap. The defendant's second claim for relief is DENIED.

Id. at 169-71. The appellate court *per curiam* affirmed. Exh. AA.

Here, the postconviction court correctly cited to and applied the two-prong analysis of Strickland, Exh. V at 166-68, and disposed of the claim on the deficiency prong. Id. at 71. The findings made by the postconviction court are presumed correct, and the record supports the court's findings.

The record make clear that trial counsel discussed Petitioner's strained interpretation of the statute and explained why, in his legal opinion, Petitioner's interpretation was not sound. Indeed, trial counsel testified that he did not believe the statutory construction urged by Petitioner had any merit, and; pursuant to the Florida Bar standards he could not file a motion that he "believed had no merit." Exh. T at 23. Petitioner fails to identify any Florida case or authority that supports his interpretation of the Florida statute at issue. Both the Florida postconviction and appellate courts found Petitioner's argument meritless. Counsel cannot be deemed ineffective for failing to raise a frivolous claim. Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994)("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Consequently, the Court finds that the State courts' adjudication of this ground were not contrary to clearly established federal law, did not involve an unreasonable

application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. The Court denies Petitioner relief on Ground One.

**Ground Two**

In his second ground for relief, Petitioner contends he was unaware that he could receive more than the statutory maximum and claims trial counsel failed to relay an eight-year plea offer proffered by the State to him. Petition at 10-11. Petitioner raised this claim as ground three in his Rule 3.850 motion. Exh. O at 7. Petitioner was also afforded an evidentiary hearing on his claim. Exh. T. The post-conviction court denied petitioner relief on his claim, and held:

> In this claim the defendant alleges that he was never informed that he was facing more than the statutory maximum and that his trial counsel did not convey a plea offer from the State until commencement of trial. The evidence in the record and from the evidentiary hearing refute this claim.
>
> At the evidentiary hearing on defendant's motion, defendant's trial counsel, Jerry Burford, testified that there was a written plea offer of ten years imprisonment extended to the defendant by the State, and that shortly after he received that offer he relayed it to the defendant. The defendant wanted to know why the State offered ten years when the statutory maximum for the offense was five years. Mr. Burford testified that he explained the matter of the [victim injury] death points being scored on the sentencing guidelines score sheet, that he had researched the issue and found that the death points could be scored in the type of offense for which the defendant was charged, and that he explained to the defendant several times that when the Criminal Punishment Code score sheet results in a maximum sentence greater

than the statutory maximum the score sheet is controlling. The defendant did not agree that was the law and would not accept it. Mr. Burford testified that he and the defendant talked about little else, and that he "pounded that into his head" that he could go to prison for up to fifteen years if convicted by a jury. (Evidentiary Hearing Transcript, pages 19-22).

The defendant acknowledged at the evidentiary hearing that the ten year offer was conveyed to him some five or six months before the trial commenced, and that the offer exceeded the statutory maximum for the offense. (Evidentiary Hearing Transcript, page 11, 12).

On the day of jury selection the State put on the record that a new offer had been made "several weeks" earlier of eight years imprisonment. Mr. Burford testified that it was not extensively discussed due to the lateness of the offer and they were involved in jury selection. But the offer was conveyed to the defendant upon being relayed by the State to Mr. Burford. (Evidentiary Hearing Transcript, page 21, 22).

The transcript of the jury selection reveals that an offer was made to the defendant "several weeks" before, and that the offer was rejected by the defendant. (Jury Selection Transcript, page 4). The defendant testified at the evidentiary hearing that he was informed about the eight year offer after the jury selection and was not informed before that time. (Evidentiary Hearing Transcript, pages 9, 10, 13, 14, 17).

Mr. Burford testified that as they got closer to trial they discussed different plea offers and that an offer of eight years was rejected by the defendant. (Evidentiary Hearing Transcript, page 21). Mr. Burford testified that he "almost begged him to take it [the offer] and he refused." (Evidentiary Hearing Transcript, page 22 referring to the attempt by Mr. Burford to get the defendant to accept the State's offer rather than exposing himself to the score sheet maximum).

The defendant testified at the evidentiary hearing that he found out about the eight year offer after jury selection in his case. The defendant also testified at the hearing that he felt like it was too late to take a plea offer and there was nothing else he could do. (Evidentiary Hearing Transcript, page 9). When asked if

he would have taken an eight year offer, the defendant stated:

> "I believe yes, I would have, sir." The defendant testified: "I mean, if I would have known before I picked a jury, before trial you're looking at eight years, they're offering you an eight year deal, I would have more than likely, yes, sir. I would have accepted it." (Evidentiary Hearing Transcript, page 10).

When asked when he found out he was facing more than five years in prison, the defendant stated:

> "I found that out after I done picked my jury and we were ready to go to trial. That was when Ms. Nixon stood up and she stated - we offered Mr. Landini a plea of eight years some time back with one count of victim injury points and Mr. Landini turned it down. (Evidentiary Hearing Transcript, page 9).

There are two problems with this testimony. First, it is equivocal. Second, the jury selection transcript reveals that the eight year offer was brought up before jury selection. (Jury Selection Transcript, page 4). Therefore, the defendant did know about the eight year offer before jury selection and trial.

To obtain relief for counsel's purported failure to properly communicate a plea offer, a defendant must prove his counsel failed to communicate a plea offer or misinformed him concerning the penalty he faced, and that had he been correctly advised he would have accepted the plea offer. Young v. State, 608 So.2d 111, 113 (Fla. 5th DCA 1992) and Varela v. State, 711 So. 2d 1343 (Fla. 3d DCA 1998). A defendant is not entitled to relief for the failure of his trial counsel to communicate a plea when he has failed to prove that he would have accepted the plea agreement. State v. Taylor, 738 So.2d 988 (Fla. 2d DCA 1999). The defendant's after the fact or post conviction speculation that he would have taken such an offer falls short of such proof, particularly in light of the fact that transcripts of the proceedings contradict the defendant's testimony at the hearing and the allegations made in his motion.

> The court finds that the defendant failed to prove his trial counsel failed to communicate a plea offer to him or that he was misinformed concerning the penalty he faced. Further, the court finds that even if the offer was not conveyed to him, the defendant has failed to prove that he would have accepted it had it been so conveyed.
>
> Accordingly, the defendant's ground three and third claim for relief is DENIED.

Exh. V at 171-75. The appellate court *per curiam* affirmed the postconviction court's order denying this claim. Exh. AA.

Here, the post conviction and appellate court found Petitioner's claims to be refuted by the record. Id. at 172. The record reflects that trial counsel flatly disputed Petitioner's claim that Petitioner was not aware that he was facing more than the statutory maximum. Exh. T at 19-21. Trial counsel testified that, when he presented Petitioner with the State's first written ten-year plea offer, Petitioner inquired as to why he was facing more time than the five-year statutory maximum. Id. at 19. Trial counsel stated, that after receiving the proposed ten-year plea, he researched the issue extensively and advised Petitioner many times of how the victim injury points would affect his sentence. Id. at 19-20.

With regard to the proffered eight-year deal, trial counsel testified that an eight-year deal was orally offered as they got "closer to trial." Id. at 21. Counsel recalled that the proffer was placed on the record the day before the trial and prior to jury selection. Id. Counsel recalled urging Petitioner to take a plea

because he was looking at a possible fifteen and one-half year sentence. <u>Id.</u> Indeed, counsel said he "almost begged him to take it and [Petitioner] refused." <u>Id.</u> at 22. The October 2, 2007 transcript of the jury selection reflects that, the day <u>before</u> the jury trial was to start and <u>prior to</u> potential jurors even being empaneled, the State placed the rejected eight-year plea deal on the record and explained that Petitioner was facing fifteen and one-half years due to the crash involving two deaths. Exh. U at 4. In particular, the State prosecutor raised various pretrial issues with the Court prior to the potential jurors being brought in for *voir dire* and stated:

> The Defendant is charged with driving with no valid driver's license causing death. It is a third-degree felony, however pursuant to case law the State has scored death points on the scoresheet and therefore, the Defendant is facing both a minimum and a maximum of 15 -- excuse me, 93.15 points or months, excuse me, which correlates to approximately 15 and a half years.
>
> The Defendant was offered eight years, I think, several weeks ago, based upon scoring one victim injury point [sic]. That offer was rejected and so I just wanted to place on the record, let the Defendant know, he's facing 15 years with the maximum and minimum. The State's only offer today is that.

<u>Id.</u> Consequently, Petitioner's assertion that he was not aware he was facing more than the statutory maximum and was not aware of the eight-year plea deal until after the jury was selected is conclusively refuted by the record.

Based upon the foregoing, the Court finds that the State courts' factual determinations were not unreasonable determinations

based on the evidence presented. Further, the State courts' decisions were not contrary to or an unreasonable application of Strickland. Consequently, the Court will deny Ground Two as without merit.

THEREFORE, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED** for the reasons set forth herein.

2. The **Clerk of the Court** shall enter judgment accordingly; terminate any pending motions; and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues

presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Orlando, Florida, on this 14 day of May, 2013.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record